IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JEAN BIERNACKI, | CIVIL ACTION NO. 06-591 |
| --- | --- |
| Plaintiff, | |
| v. | JUDGE JOY FLOWERS CONTI |
| UPMC, et al., | |
| Defendants. | |

# MEMORANDUM ORDER

CONTI, District Judge

In this memorandum order, the court considers the motion to enforce sanctions filed by defendants UPMC, University of Pittsburgh Physicians, Linda Kulcun, Betsy Chrzastek, and Sheila Heckla (collectively "defendants") against Lois E. Glanby ("Glanby"), who was counsel for plaintiff Jean Biernacki ("plaintiff"). (Docket No. 40). After considering the motion, plaintiff's response in opposition to defendants' motion to enforce sanctions (Docket No. 45), and defendants' reply to plaintiff's response (Docket No. 46), the court will grant defendants' motion, but, due to the financial condition of Glanby, will only award defendants $400.00 in attorneys' fees as sanctions.

*Procedural History*

Plaintiff filed the instant action on May 2, 2006. Plaintiff's complaint alleged claims for age and gender discrimination. Glanby did not engage in discussions with opposing counsel regarding Rule 26 disclosures, and counsel for defendants independently submitted the Rule 26(f) report. After Glanby failed to appear for the initial case management conference, this court entered an order directing Glanby to show cause why the case should not be dismissed as a result of her failure to

appear for the case management conference. Glanby did not appear at the show cause hearing but sent a new associate. Following the hearing, the court directed the parties to proceed with discovery. Discovery was set to close on December 31, 2006.

Glanby did not conduct any discovery. At a conference set after the close of discovery, Glanby's associate informed the court that plaintiff had conducted no discovery and needed additional time to complete discovery. The court extended the time for discovery until February 14, 2007. Pursuant to the court's case management order, defendants moved for summary judgment on March 19, 2007. Plaintiff's response was due by April 19, 2007. Plaintiff failed to respond.

The parties engaged in discussions that ultimately resulted in Glanby agreeing to file a stipulation of dismissal. Despite her agreement to do so, and after repeated requests from defense counsel, Glanby failed to file the stipulation of dismissal. On May 8, 2007, defendants filed a motion for sanctions asserting compelling arguments and requesting that this court impose sanctions on Glanby for filing a frivolous complaint. Plaintiff did not respond. On May 29, 2007, this court entered an order to show cause relating to plaintiff's failure to respond to defendants' motion for summary judgment. Plaintiff did not respond. On July 11, 2007, this court entered an order directing plaintiff to respond to defendants' motion for sanctions. Plaintiff responded on July 19, 2007, by filing both a stipulation for dismissal and a response to defendants' motion for sanctions. That same day, defendants filed a motion to strike the stipulation for dismissal and requested that this court impose sanctions on plaintiff. A hearing on those motions was held October 24, 2007. The court for the reasons set forth on the record denied the motion to strike, and granted the motion for sanctions.

On October 31, 2007, defendants, in accordance with the court's grant of the motion to award sanctions, filed a motion to assess fees, requesting an award in the amount of $7,046. On November

21, 2007, plaintiff appealed the court's order issued on October 24, 2007 to the Court of Appeals for the Third Circuit. Defendants' motion to assess fees was denied without prejudice on May 8, 2008, by reason of plaintiff's appeal. On June 30, 2008, the Court of Appeals for the Third Circuit dismissed plaintiff's appeal for lack of jurisdiction.

This court entered an order on July 29, 2008, granting the motion for sanctions with the amount to be determined, for the reasons set forth on the record at the October 24, 2007 hearing. The following day on July 30, 2008, defendants filed the motion to enforce sanctions now pending before the court. On September 16, 2008, Glanby responded to the motion.

*Standard of Review*

Defendants moved for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"). Rule 11 provides in pertinent part:

> (b) Representations to Court. By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> . . .
>
> (c) Sanctions.

> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction upon any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
>
> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. *If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.*
>
> . . .
>
> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. *The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.*
>
> . . .
>
> (6) Requirements for an Order. An order imposing a sanction, must describe the sanctioned conduct and explain the basis for the sanction.

FED. R. CIV. P. 11 (emphasis added). Rule 11 authorizes imposition of sanctions upon the signer of any pleading, motion or other paper that was presented for an improper purpose, e.g., "to harass or to cause unnecessary delay or needless increase in the cost of litigation." See Landon v. Hunt, 938 F.2d 450, 452 (3d Cir. 1991). Rule 11 sanctions are based on "'an objective standard of reasonableness under the circumstances.'" Id. at 453 n.3 (quoting Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 94

(3d Cir. 1988)). Bad faith is not required. Id.; Jones v. Pittsburgh Nat. Corp., 899 F.2d 1350, 1358 (3d Cir. 1990).

*Discussion*

In the motion to enforce sanctions, defendants requested that the court award sanctions in the amount of $7,046, which is based upon the standard hourly rates of defendants' counsel for the time actually incurred in connection with the motion for sanctions. Defendants attached a declaration of John J. Meyers, counsel, and relevant time entries of counsel.

Plaintiff responded in opposition to the motion, raising two arguments: (1) the motion to enforce should be denied because it is contrary to the purposes and operation of Rule 11, and (2) defendants' attorneys' fees are not appropriate given the financial circumstances of Glanby.[1] Each of these arguments will be addressed.

**I.      Whether the motion to enforce should be denied because it is contrary to the purposes and operation of Rule 11**

Glanby argues that plaintiff agreed to withdraw her claims and voluntarily dismiss her complaint two weeks before defendants filed their Rule 11 motion. Glanby argues that she is protected by Rule 11's "safe harbor," which gives her twenty-one days to withdraw the paper or correct the flaw that is the basis of the Rule 11 violation.

The court rejects Glanby's arguments, and will enforce sanctions. Over a year ago on October 24, 2007, the court for reasons set forth on the record held that sanctions under Rule 11 are appropriate and are to be awarded to defendants; Glanby's safe harbor argument addresses the issue

---

1. In light of the court's findings that the financial circumstances of Glanby warrant imposing sanctions lower than the amount requested by defendants, the issues relating to whether the attorneys' fees were excessive is moot and will not be addressed by the court.

that this court already decided. Even construing Glanby's response as a motion for reconsideration, the relief requested is not warranted. A motion for reconsideration is granted only if one of three situations is shown: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent manifest injustice." Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993) (citing Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992)).

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. . . .

Williams v. Pittsburgh, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998) (internal citations omitted). In this situation, Glanby has not shown a change in controlling law, the availability of new evidence, or the need to correct a clear error of law or to prevent manifest injustice. There is no basis for the court to reconsider its holding regarding the frivolous nature of the complaint filed.

**II.     Whether the financial circumstances of Glanby warrant imposing an amount of sanctions lesser than the amount of fees claimed**

Glanby argues that defendants' claim of attorneys' fees in the amount of $7,046 is unreasonable in light of the economic position of plaintiff's counsel. Glanby notes that her law practice is a sole proprietorship that has just recently emerged from a Chapter 11 bankruptcy proceeding. See In re Lois Glanby, Debtor, Bankruptcy No. 06-23408-BM (Bankr. W.D. Pa. July 24, 2006). Glanby states that during the relevant time period, Glanby's law practice had just two full-time attorneys and one part-time attorney, and defendants' counsel was a national law firm with

hundreds of attorneys. There is nothing of record to refute Glanby's allegations concerning her personal financial situation.

Glanby argues that Rule 11 sanctions may be both monetary and non-monetary. She also argues that Rule 11 sanctions are to be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Glanby cites Zuk v. Eastern Pennsylvania Psychiatric Institute of the Medical College of Pennsylvania, 103 F.3d 294, 301 (3d Cir. 1996), in which the Court of Appeals for the Third Circuit explained that monetary sanctions payable to the opposing party are not appropriate under Rule 11, except in extraordinary circumstances. The sanction awarded "should be calibrated to the least severe level necessary to serve the deterrent purpose of the Rule." Id. The court of appeals encouraged district courts to "consider mitigating factors in fashioning sanctions, most particularly the sanctioned party's ability to pay." Id.

Glanby cites DiPaolo v. Moran, 407 F.3d 140, 145 (3d Cir. 2005), in which the Court of Appeals for the Third Circuit upheld a district court's decision to refrain from the imposition of monetary sanctions on plaintiff's counsel, who filed an employment discrimination action that was dismissed pursuant to a Rule 11 motion. The court of appeals specifically noted the ability to pay of plaintiff's counsel, who was a solo practitioner, worked out of his home, did not have significant assets, and had several dependents. The court of appeals stressed that "the main purpose of Rule 11 is to deter, not to compensate." Id.

In this situation, the court does not consider the nature of defense counsel's practice to be relevant. What is relevant is the undisputed financial situation of Glanby. Based upon Glanby's ability to pay, an adequate deterrent will need to be limited to an appropriate amount. The court takes

special note of information publicly available with respect to Glanby's bankruptcy proceedings. On July 24, 2006, a number of Glanby's creditors filed a Chapter 7 involuntary bankruptcy petition in the United States Bankruptcy Court for the Western District of Pennsylvania, which indicated Glanby's debts were primarily business debts. (Docket No. 1 at Bankruptcy No. 06-23408-BM.) The case was later converted to proceed under Chapter 11. Glanby filed a disclosure statement to accompany a plan of reorganization dated April 9, 2007, in which she indicated that her legal services business, The Law Offices of Lois E. Glanby, "experienced a downturn in income in late 2005 which led to the Debtor falling behind in paying some of her employees and vendors." (Docket No. 77 at Bankruptcy No. 06-23408-BM.)

Glanby's plan of reorganization was confirmed by the bankruptcy court; the plan is for a term of sixty months, and reflects that biannual payments totaling $50,000 are to be made over time to the unsecured creditors (representing forty percent of those creditors' claims). (Docket No. 76 at Bankruptcy No. 06-23408-BM.) For the month of March 2008, Glanby reported a net loss of $2,276.00 (Docket No. 272 at Bankruptcy No. 06-23408-BM), and for the month of April 2008, Glanby reported a net income of $3,720.40 (Docket No. 273 at Bankruptcy No. 06-23408-BM). In light of the payments contemplated by her plan of reorganization and her uneven monthly cash flow, a modest payment of $400.00 is appropriate.

For the reasons set forth on the record, a monetary sanction is necessary. Since Glanby filed a frivolous complaint, no other sanction could be appropriate to deter the kind of conduct involved in this case which caused the defendants to incur unnecessary legal expenses greatly in excess of the amount of sanctions awarded. Glanby needs to be deterred from filing complaints which have no

factual support. In light of the financial situation of Glanby, an award of sanctions in the amount of $400.00 will serve as a deterrent.

### *Order*

AND NOW, this 14th day of January, 2008, after the defendants filed a motion to enforce sanctions (Docket No. 40), and upon consideration of the plaintiff's response in opposition to defendants' motion to enforce sanctions (Docket No. 45) and defendants' reply to plaintiff's response (Docket No. 46), IT IS ORDERED that $400.00 is awarded in attorneys' fees to defendants as sanctions.

    /s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge